UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARREA CHRISTOPHER,<br><br>                          Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>                          Defendants. | Case No.: 23-cv-1789-RSH-VET<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[ECF Nos. 37, 39] |

    Pending before the Court is a motion to dismiss Plaintiff's Second Amended Complaint filed by defendants City of San Diego, San Diego Police Department, Mayor Todd Gloria, Chief of Police David Nisleit, Mallory Marachiello, Jose Arriero Jr., and Gerardo Dias (collectively, the "City Defendants"). ECF No. 37. As discussed below, the Court grants the City Defendants' motion and dismisses the Second Amended Complaint.

**I.    BACKGROUND**

    On September 29, 2023, Plaintiff filed his original Complaint against Lucas Arellano, Deja Jackson, AAA Insurance, and the City Defendants. ECF No. 1. In brief, Plaintiff alleged that on April 9, 2023, he was involved in an auto accident in which the other motorist was at fault, but that the San Diego Police determined to falsely assign the

1  blame to him because of racial animus. The City Defendants thereafter moved to dismiss
2  for failure to state a claim. ECF No. 3.

3  On January 5, 2024, the Court granted the City Defendants' motion and dismissed
4  the Complaint. ECF No. 14. The Court determined that Plaintiff failed to plead facts
5  establishing his entitlement to relief against any Defendant. *Id.* at 5. The Court noted,
6  among deficiencies in the Complaint, that: "Although Plaintiff accuses the police of
7  wrongdoing in connection with that incident, he does not identify any of the individual
8  officers he sued as having taken any specific action or even as being present at the accident
9  scene on April 9, 2023." *Id.* at 5-6. The Court also determined that Plaintiff failed to
10 plausibly allege that the City of San Diego had a "policy, custom, or practice" that was a
11 moving force behind a violation of Plaintiff's rights. *Id.* at 6. The Court granted Plaintiff
12 leave to amend. *Id.* Plaintiff did not timely file an amended complaint, and so on February
13 9, 2024, the Court dismissed the action. ECF No. 15.

14 On February 13, 2024, Plaintiff moved to reopen the case and to extend the time for
15 him to file an amended pleading, stating that he had not received the Court's prior order.
16 ECF No. 17. The next day, the Court entered an order reopening the case and allowing
17 Plaintiff time to file an amended pleading. ECF No. 18.

18 On March 15, 2024, Plaintiff filed his First Amended Complaint (the "FAC"). ECF
19 No. 21. The City Defendants moved to dismiss for failure to state a claim. ECF No. 25.

20 On June 24, 2024, the Court granted the City Defendants' motion and dismissed the
21 FAC. ECF No. 32. The Court noted numerous deficiencies in the FAC, including: (1) as
22 noted in the Court's prior order, Plaintiff's failure to identify any of the individual officers
23 he sued as having taken any specific action or being present at the accident scene; (2) failing
24 to allege a conspiracy by failing to identify any of the Defendants by name as having
25 participated in an agreement, failing to describe such an agreement, and failing to plausibly
26 allege a conspiracy to violate his rights; (3) making only conclusory allegations regarding
27 municipal liability under *Monell*, and failure to plausibly allege facts establishing an
28 unconstitutional policy, deliberate indifference, or a failure to train; (4) failing to plausibly

allege a Bane Act claim; and (5) failure to include any discussion or elaboration of his common-law or Eighth Amendment claims. *Id.* at 4-8. The Court again granted Plaintiff leave to amend within 30 days. *Id.* at 9. The Court thereafter granted Plaintiff, upon his motion, additional time to file his amended pleading. ECF No. 35.

On August 8, 2024, Plaintiff filed his Second Amended Complaint (the "SAC") on August 8, 2024. ECF No. 36. On August 22, 2024, the City Defendants filed a motion to dismiss Plaintiff's SAC. ECF No. 37. Plaintiff did not file an opposition or seek an extension by the due date of September 12, 2024. On September 19, 2024, the City Defendants filed a notice of Plaintiff's failure to timely oppose. ECF No. 38. Later that day, Plaintiff filed a motion for an extension of time. ECF No. 39. On October 2, 2024, Plaintiff filed his opposition to the motion to dismiss. ECF No. 40. The City Defendants have objected to that opposition as untimely. ECF No. 42.

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When reviewing a motion to dismiss under Rule 12(b)(6), courts assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). But a court "disregard[s] '[t]hreadbare

23-cv-1789-RSH-VET

recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Likewise, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). "After eliminating such unsupported legal conclusions, [courts] identify 'well-pleaded factual allegations,' which [are] assume[d] to be true, 'and then [courts] determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus VPC*, 623 F.3d at 1003. Dismissal under Rule 12(b)(6) is proper where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

A complaint by a plaintiff proceeding pro se is "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Pro se pleadings are construed liberally. *Id.* Nonetheless, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

**III.   DISCUSSION**

In granting Plaintiff leave to amend while dismissing the FAC, the Court reasoned as follows:

> The Court has already granted Plaintiff leave to amend his Complaint once. Plaintiff's Amended Complaint failed to address the deficiencies identified by this Court's order dismissing the original complaint. Still, in light of Plaintiff's pro se status, the Court grants Plaintiff leave to file a second amended complaint, which corrects the defects identified in this order.

1  ECF No. 32 at 8. The purpose of permitting Plaintiff to file a second amended complaint
2  was to give him an opportunity to address the deficiencies previously identified. However,
3  the SAC does not address these deficiencies.
4     Comparing the SAC and the FAC side by side, the SAC largely re-pleads in a
5  verbatim manner the deficient allegations contained in the FAC.
6     The only factual allegation that Plaintiff has added to the 26-page SAC consists of a
7  two-page description of an incident occurring at an unspecified time in the past. ECF No.
8  36 at 10-11. Plaintiff alleges that he and his brother were selected by the administration of
9  Lincoln High School to be peer counselors during a time in which the community was
10 angry at the San Diego Police. Although the community was happy with the work of
11 Plaintiff and his brother, the police were not. In order "to prove they were rulers of the
12 area, [the police] decided to attack members of the community." *Id*. at 11. Plaintiff alleges
13 that the police arrested Plaintiff and his brother, beat them, and falsely claimed that Plaintiff
14 had his brother had attacked the police. Plaintiff alleges that he and his brother hired an
15 attorney and were found not guilty, but that the San Diego Police Department "till this day
16 still falsely accuses and makes false reports." *Id.* Plaintiff alleges that "[t]he report of this
17 case was so false other officers have admitted it." *Id.* He does not allege that he was targeted
18 by the police because of his race on that occasion, but he states more broadly that "[t]he
19 problem lies with the Design failure's to address racial animus." *Id.*
20    Plaintiff's brief in opposition to the motion to dismiss does not mention the Lincoln
21 High School incident or discuss its relevance to the auto accident on April 9, 2023. Despite
22 these additional allegations, the SAC remains deficient in the ways previously identified
23 by this Court. Fundamentally, the SAC contains no further factual allegations about the
24 auto accident on April 9, 2023, the individuals who participated or the nature of their
25 participation, the alleged conspiracy between those individuals, or a police department
26 policy or failure to train that was the moving force behind a constitutional violation. Apart
27 from adding his description of the Lincoln High School incident, it appears that Plaintiff
28 has not even attempted to address deficiencies identified by the Court in his FAC, including

deficiencies identified earlier in his original Complaint. The Court has given Plaintiff ample notice of those deficiencies, and ample time to remedy them, but Plaintiff has not done so. The Court concludes that further amendment would be futile.[1]

## VI. CONCLUSION

For the foregoing reasons, the City Defendants' motion to dismiss [ECF No. 37] is **GRANTED**, and the SAC is **DISMISSED** without leave to amend. The action is **DISMISSED**, and the Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  December 11, 2024

_____
Hon. Robert S. Huie
United States District Judge

---

[1] In light of this disposition, the Court declines to reach Defendants' other arguments or objections. The Court **GRANTS** Plaintiff's motion to allow the late filing of his opposition brief [ECF No. 39], which the Court has read and considered.